LAUREL I. HANDLEY (NV Bar #009576)
GREGG A. HUBLEY (NV Bar #007386)
PITE DUNCAN, LLP
701 Bridger Avenue, Suite 700
Las Vegas, NV 89101
Telephone: (702) 991-4628
Facsimile: (702) 685-6342
<u>MAILING ADDRESS</u>
P.O. Box 17935
San Diego, CA 92177-0935
Telephone: (858) 750-7600
Facsimile: (619) 326-2430
E-mail: Ghubley@piteduncan.com

Attorneys for Defendant REAL TIME RESOLUTIONS INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSAN CLOSSON<br>CHARLES R. CLOSSON,<br><br>Plaintiffs,<br><br>v.<br><br>RECONTRUST COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA N.A.; REAL TIME RESOLUTIONS; ANGELA NAVA and DOES 1-20,<br><br>Defendants. | Case No. 2:11-cv-00146-KJD-LRL<br>ORDER GRANTING<br>*EX PARTE* **MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING PURSUANT TO FRCP 6(b) AND LR 6-1 and 6-2** |

Defendant, REAL TIME RESOLUTIONS, INC. (hereinafter, "RTR"), by and through its counsel, PITE DUNCAN, LLP, respectfully submits this *ex parte* Motion, pursuant to FRCP 6(b) and LR 6-1 and 6-2, requesting that this Court grant RTR an extension of time to file a responsive pleading to the Plaintiffs' Complaint, which was filed January 27, 2011.

This Motion is based upon the fact that the undersigned counsel was only retained three (3) days previous, the Complaint (with attached Exhibits) totals 349 pages, and the Plaintiffs have refused to grant the undersigned the courtesy of a short extension. It is respectfully submitted that

2443993.wpd

there is good cause to enter an Order providing RTR with a brief extension within which to file a responsive pleading, and that the Plaintiffs will not suffer any prejudice as a result.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: June 10, 2011.

GREGG A. HUBLEY
*Attorneys for Defendant* REAL TIME RESOLUTIONS, INC.

## POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A. Procedural History**

The Plaintiffs filed the pending Complaint on January 27, 2011 (Document No. 1), and on the same date they filed a Notice of Lis Pendens (Document No. 2). Apparently, the Plaintiffs submitted a Summons directed at RTR for issuance on February 18, 2011 (Document No. 4). However, they did not serve RTR until over four (4) months later, on May 19, 2011. No other party has filed an Answer or other responsive pleading in this matter.

**B. Factual Background**

Prior to retaining counsel, it is believed that RTR verbally communicated with the Plaintiff several times in an effort to resolve the claims asserted in this matter. RTR services a second, Home Equity Line of Credit ("HELOC") mortgage loan that the Plaintiffs sought out and executed, and RTR has not taken any action to foreclose at this time on its subject loan. It appears that the focus of the Complaint is related to the First Deed of Trust, and the foreclosure thereunder. Nonetheless, the Plaintiffs apparently maintain that they have actionable claims against RTR, although their Complaint does not provide any legitimate background or basis therefor.

The office of the undersigned was retained on June 7, 2011, and RTR's responsive pleading is due today, June 10, 2011. Counsel for RTR has contacted Plaintiffs several times by telephone. (**See,** Affidavit of counsel, attached hereto.) On June 9, 2011, Plaintiff SUSAN CLOSSON advised

-2-

2443993.wpd

that she was not sure whether to agree to provide RTR with an extension of time to file a responsive pleadings, that she would discuss this with her husband, and that she would respond on June 10, 2011. (**Id.**) However, Plaintiffs advised on June 10, 2011, that they would not agree to the requested extension. (**Id.**)

## II.

## LEGAL ARGUMENT

FRCP 6(b) provides this Court with the discretion to grant RTR a brief extension of time to file a responsive pleading, and states:

> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> (2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Federal District Court's are given "...broad discretion to expand filing deadlines[,]" under FRCP 6(b). *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995); *citing*, *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 583 (1st Cir. 1994); *Woods v. Allied Concord Financial Corp.*, 373 F.2d 733, 734 (5th Cir. 1967).

Likewise, Local Rule 6-1 allows the Court to provide an extension, only requiring a demonstration of excusable neglect when the request is made "...after expiration of the specified period[.]" An *ex parte* Motion for an extension of time is governed by LR 6-2, which operates under the same standards set forth in FRCP 6(b) and LR 6-1, and simply specifies the procedure to use when requesting an extension of time requested by an *ex parte* Motion.

The deadline under which RTR was to file a responsive pleading has not expired and there is good cause to allow RTR a brief extension of time to file a responsive pleading. First, there have been no prior requests for an extension. Indeed, no other party has filed any responsive pleading to this Complaint, and there are no pre-trial or other deadlines that have been implemented by this Court. Consequently, the Plaintiffs will suffer no prejudice by the granting of a short extension. Additionally, the Plaintiffs have seen fit to initiate this action in proper person with the filing of a

2443993.wpd

349 page Complaint (including Exhibits), and it should be expected that some parties may require additional time to respond to such a voluminous pleading. Moreover, it is believed that RTR previously attempted in good faith to settle this matter without resorting to Court intervention, and, even though the Complaint fails to state a cognizable claim against RTR, the Plaintiffs insisted upon keeping RTR as a party herein. Finally, the office of the undersigned has only recently been retained, and has barely had an opportunity to analyze the voluminous Complaint and its exhibits. The undersigned has been unable discuss the allegations of the Complaint at length with RTR to allow for the preparation and filing of a responsive pleading. Neither RTR nor the undersigned is seeking a brief extension to delay these proceedings.

### III.

### CONCLUSION

Consequently, there is good cause to grant this *ex parte* request for an extension of time to file a responsive pleading, and the undersigned respectfully requests that the Court allow ten (10) additional days to prepare, file and serve a responsive pleading. RTR's responsive pleading is due to be filed and served, therefore, on or before June 20, 2011.

DATED this 10th day of June, 2011.

PITE DUNCAN, LLP

_____
GREGG A. HUBLEY
*Attorneys for Defendant* REAL TIME RESOLUTIONS, INC.

### ORDER

IT IS SO ORDERED., NUNC PRO TUNC.

DATED this 27TH day of June, 2011.

_____
UNITED STATES DISTRICT COURT

2443993.wpd